UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marilyn Baez,<br><br>    Plaintiff,<br><br>    v.<br><br>Target Corporation,<br><br>    Defendant. | Case No. 13 C 4258<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

This cases arises from a fall at a Target parking lot. Plaintiff Marilyn Baez sustained injuries from the fall and has brought a single-count complaint [2-1] against Defendant Target Corporation based on its purported negligence.

Defendant has moved for summary judgment [35]. For the following reasons, the motion is denied.

**I.    Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining

whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

## II.    Background

The following facts are taken from the parties' Local Rule 56.1 statements and the exhibits attached thereto.[1]

Plaintiff is a diabetic who has been prescribed custom-molded shoes for that condition. Def.'s Statement of Facts ("DSOF") [35] ¶ 5. She also walks with a limp as a result of injuries sustained during a January 2010 motor vehicle incident. DSOF [35] ¶ 7.

On June 20, 2011, Plaintiff and her fiancé drove to a Target store (#T942) in Chicago to shop. DSOF [35] ¶¶ 8, 10. They arrived around 2:53 p.m. and parked in a handicapped parking space. DSOF [35] ¶ 11; Surveillance Video [35-7] at 2:53 p.m. It had been raining earlier that day (although it is disputed when the raining stopped); and Plaintiff testified that there were puddles around the car when she exited it. DSOF [35] ¶¶ 10-11; [43] at 11. Plaintiff was wearing new sandals and not her prescribed shoes. DSOF [35] ¶ 12.

Plaintiff secretly purchased a gift for her fiancé from Target. DSOF [35] ¶ 13. She left the store unaccompanied to return to the car. DSOF [35] ¶ 13. Plaintiff

---

[1] Plaintiff disagreed with DSOF ¶¶ 15-16 and 25, but failed to cite to any portion of the record to support that disagreement. Defendant thus seeks to have those facts deem admitted. [43] at 2-3. Defendant (the moving party) also submitted an additional statement of facts [44] accompanying its reply brief. These departures from proper Local Rule 56.1 procedure, however, are immaterial to this Court's ultimate decision.

2

again saw the puddle on the passenger side of the car and, to avoid the water, sought to access the car from the driver's side. DSOF [35] ¶ 14. To do that, Plaintiff traversed the parking lot island adjacent to the car. DSOF [35] ¶¶ 14, 24. The parking lot island was landscaped with mulch and had a cement pedestrian walkway down its center. DSOF [35] ¶¶ 14-15. There was no water on the walkway but the mulch was wet from the rain that fell earlier that day. DSOF [35] ¶ 14.

Plaintiff chose to walk across the mulch and not the walkway. DSOF [35] ¶ 15. Plaintiff explained that there was water blocking the entrance to the walkway. Baez Dep. Tr. [35-1] at 117:14-119:6. At approximately 3:10 p.m., Plaintiff fell as she stepped onto the curb to open the driver's side door. DSOF [35] ¶ 16; Surveillance Video [35-7] at 3:10 p.m.

Target employees responded to the fall. DSOF [35] ¶ 26; Pl.'s Statement of Additional Facts ("PSOAF") [39] ¶ 1. Two of them also prepared Team Member Witness Statements. PSOAF [39] ¶¶ 1-2. One (Jorge Anaya)—who recorded that he was "the first team member to respond"—wrote that there was "water surrounding the island where the incident happened." PSOAF [39] ¶ 1; Anaya Team Member Witness Statement [39-1]. The other (Miguel Rivera) wrote that there was "a huge puddle of water by [Plaintiff's] vehicle and also around the parking lot island." PSOAF [39] ¶ 2; Rivera Team Member Witness Statement [39-1].

3

Plaintiff suffered injuries as a result of the fall and was taken to the hospital. DSOF [35] ¶¶ 16, 21. As a result of these injuries, Plaintiff ultimately had one of her legs amputated. Baez Dep. Tr. [35-1] at 179:9-23; *see* Joint Reassignment Status Report [42] § I.B.

## III. Analysis

To establish negligence, Plaintiff must show (a) that Defendant owed Plaintiff a duty of care; (b) that Defendant breached that duty of care; and (c) that the alleged breach proximately caused Plaintiff's injuries. *Hornacek v. 5th Avenue Property Management*, 2011 IL App (1st) 103502, ¶ 32; *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 2011 IL App (1st) 092860, ¶ 14; *Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39, 42 (1st Dist. 2009). To recover in a slip-and-fall case involving ice, snow or water, Plaintiff also must show "that the accumulation of ice, snow or water is due to unnatural causes and that the property owner had actual or constructive knowledge of the condition." *Hornacek*, 2011 IL App (1st) 103502, ¶ 29; *accord Wells v. Great Atlantic & Pacific Tea Co.*, 171 Ill. App. 3d 1012, 1015 (1st Dist. 1988).

The parties do not dispute that Defendant owed Plaintiff a duty of care. [35] at 3, 7-8; [43] at 3. This includes Defendant's duties to maintain its premises in a reasonably safe condition and to provide a reasonably safe means of ingress and egress. *Hornacek*, 2011 IL App (1st) 103502, ¶¶ 28, 31; *Newsom-Bogan*, 2011 IL App (1st) 092860, ¶ 16; *Reed*, 394 Ill. App. 3d at 42-43.

Thus, the only issues present here are breach and proximate cause. These issues generally are factual matters for the trier of fact to decide. *Hornacek*, 2011 IL App (1st) 103502, ¶ 32. This case does not warrant an exception to this general rule.

## A. Breach

Plaintiff argues that Defendant breached its duties in at least two ways: (a) the parking lot island was too steep; and (b) the island and parking lot were improperly drained. [39] at 5; *see also* Compl. [2-1] ¶ 6. Defendant does not dispute that there is a material issue of fact as to the existence of a breach generally. It instead moves for summary judgment on the two additional requirements imposed in slip-and-fall cases under Illinois law: natural accumulation and knowledge. *Hornacek*, 2011 IL App (1st) 103502, ¶ 29; *Wells*, 171 Ill. App. 3d at 1015.

### 1. Unnatural Cause

Defendant argues that Plaintiff slipped from a natural accumulation of water from rain that fell earlier that day. [35] at 8-9; [43] at 10-11. That argument fails.

Plaintiff has propounded expert testimony from an architect (John Van Ostrand) who attributed the fall to the following circumstances:

1. The parking lot was improperly drained due to differential settlement of pavement. It did not slope towards the drain which prevented storm water from reaching the drain.

2. The island was used as a pathway and was unusually steep when benchmarked against the slope requirements for ramps. The mulch on the island was wet and slippery from the rain.

5

Ostrand Report [39-1] §§ 3.1-3.3. The record also contains testimony from a Target employee that the parking lot island sunk where Plaintiff had fallen and a channel of water formed around the sunken island. PSOAF [39] ¶¶ 5-6; Hernandez Dep. Tr. [35-4] at 34:13-35:5. Defendant asserts that this testimony is incorrect (*e.g.*, Def.'s Statement of Additional Facts ("DSOAF") [44] ¶¶ 6-7, 14, 16), but that only confirms the existence of a material dispute of fact.

Based on the present record, a reasonable trier of fact may conclude that the inadequate drainage or steep island were created by Defendant and that they aggravated the problems caused by the rain on June 20, 2011. Neither would be a natural condition. *See Hornacek*, 2011 IL App (1st) 103502, ¶ 30. Analogous to the puddling of water that has not been drained, the unnatural cause in *Hornacek* was snow piles created by snow removal efforts at a parking lot. *Id.* ¶¶ 30-31.

### 2. Knowledge

Target disputes that it had any knowledge of a dangerous condition at the parking lot. [35] at 6-8; [43] at 9-10. Knowledge can be actual or constructive. *Hornacek*, 2011 IL App (1st) 103502, ¶ 29.

It appears challenging for Plaintiff to establish that Defendant had actual knowledge of a dangerous condition at the parking lot. Plaintiff has admitted that Defendant received no complaints in the three years prior to her fall about any dangerous condition in the Target parking lot where the fall occurred. DSOF [35] ¶¶ 18-19. Plaintiff also admitted that Defendant is not aware of anyone falling in that area. DSOF [35] ¶ 20.

6

However, this Court does not need to resolve whether there is a disputed material fact as to actual knowledge. Instead, there is a disputed material fact as to whether Defendant had constructive knowledge of a dangerous condition at the parking lot, that is, the improper drainage and steep and sunken island.

Constructive knowledge can be inferred by the length of time a condition is present or by evidence that a dangerous condition was so conspicuous that Defendant would have discovered the condition through the exercise of reasonable care. *Hornacek*, 2011 IL App (1st) 103502, ¶ 35. In *Hornacek*, the injured plaintiff slipped on ice in a parking lot. *Id.* ¶ 6. The ice was caused by snow being plowed into big piles, melting and running off into the parking lot during the day and then refreezing at night. *Id.* ¶ 9. The Appellate Court reversed the trial court's grant of summary judgment, holding that the property owner had constructive knowledge based on testimony that snow piles had been a problem for at least the previous year. *Id.* ¶¶ 2, 20, 31-32, 35-36, 38.

In contrast to *Hornacek*, the cases cited by Defendant (*see* [35] at 8) do not involve falls at parking lots or a tenable claim for constructive knowledge. The first case involves an unsuccessful allegation that the state should have known about all the ruts and holes in a field at a city fair. *Bahl v. State of Illinois*, 49 Ill. Ct. Cl. 120, 120, 123-24 (Ill. Ct. Cl. 1997). In the second case, the Court disagreed that there was an unreasonable hazard (an uneven sidewalk) and did not analyze the existence of actual or constructive knowledge. *Herman v. Southern Illinois University at Edwardsville*, 61 Ill. Ct. Cl. 267, 268-69 (Ill. Ct. Cl. 2009).

7

The record in this case contains evidence that the inadequate draining at the Target parking lot has been a dangerous condition for more than a decade longer than the dangerous condition in *Hornacek*. Plaintiff propounded expert testimony that the parking lot has been improperly drained since 1996 to 1999 (at least 12 years before Plaintiff's fall). Ostrand Report [39-1] § 3.1. A Target employee with seven years of experience at the store testified that he had observed water accumulating around the island where Plaintiff fell (as well as at other islands). Hernandez Dep. Tr. [35-4] at 34:13-35:11, 36:7-10. Finally, Target employees retrieved shopping carts from the parking lot in the course of their duties. *E.g.*, Surveillance Video [35-7] at 3:09 p.m. A reasonable trier of fact may infer that those employees saw the puddles caused by the improper drainage.

For its part, Defendant has propounded (among other evidence) its own expert who has concluded that the parking lot was properly maintained and complied with all relevant codes. *E.g.*, DSOF [35] ¶ 17; DSOAF [44] ¶¶ 14, 16. But the ultimate determination of the condition of the parking lot is for the trier of fact to resolve—not this Court at summary judgment.

B.  **Causation**

Defendant argues that Plaintiff was negligent by choosing to traverse the parking lot island and that this negligence—and not the conduct of Defendant or its employees—was the proximate and probable cause of the fall. [35] at 3-6; [43] at 4-9. Defendant makes the related argument in those passages that Plaintiff's comparative fault bars any recovery. This Court addresses each argument in turn.

### 1. Proximate Cause

Proximate cause has two elements: cause in fact and legal cause. *Majetich v. P.T. Ferro Construction Co.*, 389 Ill. App. 3d 220, 224 (3d Dist. 2009). Cause in fact concerns whether the defendant's conduct is a material factor in bringing about the injury. *Id.* A defendant's conduct is a material factor in bringing about the injury if, absent the conduct, the injury would not have occurred. *Id.* Legal cause (which is not at issue here) deals with a question of foreseeability. *Id.*

To show cause in fact at this stage in the proceedings, it is not necessary that Plaintiff say with certainty what caused her fall. Instead, Illinois cases instruct that circumstantial evidence about the cause of the fall can be sufficient at summary judgment. *E.g.*, *Majetich*, 389 Ill. App. 3d at 224-25; *Bellerive v. Hilton Hotels Corp.*, 245 Ill. App. 3d 933, 937 (2d Dist. 1993); *see Wright v. Stech*, 7 Ill. App. 3d 1068, 1070-71 (1st Dist. 1972). But if a plaintiff relies upon circumstantial evidence, that evidence must be of such a nature and so related as to make the conclusion of causation more probable as opposed to merely possible. *Majetich*, 389 Ill. App. 3d at 225.

Two cases illustrate the amount and type of evidence a plaintiff needs to prevail on proximate cause at summary judgment. In *Newsom-Bogan*, the plaintiff slipped and fell at a fast food restaurant. 2011 IL App (1st) 092860, ¶ 4. The plaintiff did not know what caused her fall but did see a greasy substance on her hand after the fall. *Id.* ¶¶ 5, 19. From that, the plaintiff concluded she had slipped on grease and that the grease was the cause of her fall. *Id.* ¶¶ 19, 24. There were

9

no other witnesses who observed grease on the restaurant floor. *Id.* ¶ 19. Nonetheless, the plaintiff's testimony alone was sufficient to create a triable issue of fact. *Id.* ¶¶ 1-2, 25, 27.

In *Bellerive*, the plaintiff slipped on a hotel staircase. 245 Ill. App. 3d at 934. She could not say with certainty at her deposition what caused her fall and could not point to the defective condition in a photograph of the stairs. *Id.* at 935, 937. However, the plaintiff was able to testify that the stairs were uneven and at least a partial cause of her fall. *Id.* at 937. Drawing all inferences from that testimony in favor of the plaintiff as the nonmoving party, the Appellate Court reversed the trial court's grant of summary judgment. *Id.*

The proximate cause issue here is whether Plaintiff would have fallen if the parking lot and island had been constructed, maintained or drained properly. As in *Newsom-Bogan* and *Bellerive*, Plaintiff has been unable to say with certainty the cause of her fall. Baez Dep. Tr. [35-1] at 122:18-124:5; DSOAF [44] ¶ 20. However, the record contains evidence about the location of and circumstances surrounding the fall: (a) Plaintiff testified where she fell in the parking lot (DSOF [35] ¶ 16); (b) the store surveillance video depicts the fall (*see* Surveillance Video [35-7] at 3:10 p.m.); and (c) the Team Member Witness Statements from Target employees describe the location of the fall (PSOAF [39] ¶¶ 1-2). In addition, Plaintiff has propounded expert testimony that attributes her fall to the steep slope of the island, wet mulch and the accumulated water in the parking lot. Ostrand Report [39-1] §§ 3.1-3.3.

Defendant argues that the proximate cause of Plaintiff's fall is her pre-existing medical conditions and not the condition of the parking lot. [35] at 5; [43] at 4-5. Plaintiff was prescribed special shoes for diabetes but did not wear them the day of the fall. DSOF [35] ¶ 5. She also walks with a limp. DSOF [35] ¶¶ 7.

Defendant cites cases showing that Illinois courts have granted summary judgment where the plaintiff's pre-existing medical conditions were the more probable cause of their fall. [35] at 3-5 (citing *Majetich*, 389 Ill. App. 3d 220; and *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968 (1st Dist. 1990)). However, this case is analogous to *Newsom-Bogan* and *Bellerive*, not the cases Defendant cites. In Defendant's cases, the factual record contained less information about the circumstances of the fall (in part because the people who fell died) and the plaintiff suffered from more serious medical problems than here.

In *Majetich*, the plaintiff was the estate of an 89 year-old woman who fell and died when climbing a one to two foot step up from the parking lot (which was being resurfaced) to the sidewalk. 389 Ill. App. 3d at 220, 223. The trial court granted summary judgment and the Appellate Court affirmed because the more probable cause of the decedent's fall was her medical problems, including tremors, macular degeneration (loss of vision), arthritis and history of falling. *Id.* at 222, 227. Moreover, no one saw the decedent fall; and thus no one could attribute her fall to the condition of the parking lot. *Id.* at 227.

Defendant's second case, *Kellman*, similarly involves a man who fell (this time in a country club shower) and died. 202 Ill. App. 3d at 970. The record in

11

*Kellman* is far less developed than the one here. In *Kellman*, (a) there was no evidence of the cause of the fall; (b) the plaintiff (the decedent's estate) had no knowledge of the condition of the shower stall immediately following the incident; (c) the plaintiff did not know precisely where decedent slipped; and (d) the decedent was unsteady on his feet before the fall and required assistance to reach the shower. *Id.* at 970, 974-76.

In contrast to *Majetich* and *Kellman*, Plaintiff has been able to testify about the location and circumstances surrounding her fall. *E.g.*, DSOF [35] ¶ 16. Moreover, there are multiple witnesses to the condition of the island shortly after the fall. PSOAF [39] ¶¶ 1-2.

In sum, while Plaintiff's medical condition may have contributed to her fall, this Court cannot say at this stage in the proceedings that there is no genuine issue of material fact that Defendant's purported negligence was at least a partial cause of her fall. *See Bellerive*, 245 Ill. App. 3d at 937.

### 2. Comparative Fault

A plaintiff cannot recover under Illinois statutory law if his comparative fault (which is the more apt term than the one used by the parties: "contributory negligence") is more than 50 percent of the proximate cause of an injury. 735 ILCS 5/2-1116; *Malen v. MTD Products, Inc.*, 628 F.3d 296, 312 (7th Cir. 2010). There is comparative fault where the plaintiff acts without the degree of care that a reasonably prudent person would have used for his safety under like circumstances, and that action is the proximate cause of his injuries. *Coole v. Central Area*

*Recycling*, 384 Ill. App. 3d 390, 396 (4th Dist. 2008). As Defendant concedes (*see* [43] at 4), determining comparative fault ordinarily is a question for the trier of fact and "rarely" is decided as a matter of law. *Coole*, 384 Ill. App. 3d at 396; *West v. Kirkham*, 207 Ill. App. 3d 954, 959 (4th Dist. 1991); *Killeen v. R.W. Dunteman Co.*, 78 Ill. App. 3d 473, 475 (1st Dist. 1979). This is not one of the rare cases where summary judgment is warranted.

The dispute here is whether Plaintiff acted with due care by choosing to traverse the island through the mulch given her medical problems rather than taking an alternate route, such as entering her car through the passenger side door or using the walkway in the parking lot island. [35] at 5; [43] at 4, 7-9.

Due care is determined by reference to circumstances: whether choosing one course of action is safer than choosing another. *See Sielski v. Tioga Homes, Inc.*, 62 Ill. App. 3d 340, 343 (2d Dist. 1978); *Foster v. George J. Cyrus & Co.*, 2 Ill. App. 3d 274, 277 (1st Dist. 1971). For example, in *Sielski*, there was a material issue of fact as to whether the plaintiff's decision to cross the snow bank to enter the parking lot was safer than walking on the street where cars were briskly exiting the parking lot. 62 Ill. App. 3d at 343. The plaintiff fell crossing the snow bank. *Id.* at 341.

The record here contains evidence that Plaintiff too had to choose between two potentially unsafe routes to her car. Plaintiff testified that she traversed the island because there was water blocking the entrance to both the passenger side door and the island walkway. Baez Dep. Tr. [35-1] at 117:14-122:13; *see* [39] at 9.

13

Defendant disputes these facts, principally by arguing that a Target surveillance video shows no water around the island or vehicle. DSOF [35] ¶¶ 25, 27; [43] at 7. Plaintiff disputes this interpretation of the surveillance video. Pl.'s Response [39] to DSOF ¶ 27. Moreover, the Team Member Witness Statements prepared by Target employees who responded to the fall corroborate Plaintiff's testimony and contest Defendant's interpretation of the surveillance video. PSOAF [39] ¶¶ 1-2. One wrote that there was "a huge puddle of water by [Plaintiff's] vehicle and also around the parking lot island." PSOAF [39] ¶ 2. In any event, the resolution of factual disputes and the reasonableness of Plaintiff's decision to cross the island are for the trier of fact to decide.

## IV. Conclusion

Defendant's motion for summary judgment [35] is denied.

The next status hearing remains set for March 3, 2015 at 9:45 a.m. in Courtroom 2201. The parties should be prepared to schedule a pretrial conference and trial and advise whether they wish to be referred to the Magistrate Judge for a settlement conference.

Dated: February 20, 2015

Entered:

_____
John Robert Blakey
United States District Judge